UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY ,
COMMISSION,
        Plaintiff,                                   Case No. 05-CV-72516
                                                     HON. BERNARD A. FRIEDMAN
and

JENNIFER BOUDRIE,
        Intervening Plaintiff,

vs.

METRO SPECIALTIES, INC.,
        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR DISCOVERY OF WITNESS' STATEMENTS MADE TO INTERVENING PLAINTIFF'S ATTORNEY**

**I.    Introduction**

Defendant seeks written witness statements that were made by intervening Plaintiff's attorney, and signed by witnesses[1] relevant to this case.  The witnesses whose statements are sought have been deposed.  Written discovery has been exchanged and depositions have been taken.

The statements sought by Defendant are those provided to intervening Plaintiff's counsel by Sam Finely, Ledyard Boudrie and Robbin Shadix.  These witnesses were either present or past employees of Defendant and one witness still works for Defendant.  The statements are derived from notes taken by intervening Plaintiff's attorney, and signed by each witness.  The

---

[1] Defendant also sought the written statements of Plaintiff made for her attorney. Defendant apparently no longer seeks such statements, as they are not addressed in its brief.

statements were taken after Plaintiff's intervening Complaint was filed, and before depositions were taken.

**II.     Analysis**

Intervening Plaintiff argues that the statements are protected by the work product privilege. The work product privilege protects an attorney's preparatory work on a case. Federal Rule of Civil Procedure 26(b)(3) expressly protects against disclosure of trial preparation materials unless the party seeking disclosure makes "a showing that [it] has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

Defendant made no such showing. Defendant has not demonstrated a substantial need for the materials, arguing only that they "may" be relevant to impeach witnesses. However, Defendant has had adequate opportunity to depose the witnesses and to pose interrogatories to the witnesses, during which it could get the information in the statements and impeach the witnesses if the opportunity arose. As the Supreme Court stated in *Hickman v. Taylor*, and similar to the present situation, "[f]or aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking." Hickman v. Taylor, 329 U.S. 495, 508 (1947).

**III.  Order**

Accordingly,

IT IS ORDERED that Defendant's request for discovery of witness statements is

DENIED.


Dated: October 5, 2006                             ___s/Bernard A. Friedman_____
       Detroit, Michigan                           BERNARD A. FRIEDMAN
                                                   CHIEF UNITED STATES DISTRICT JUDGE


**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**


_____**/s/ Patricia Foster Hommel**_____
        **Patricia Foster Hommel**
        **Secretary to Chief Judge Friedman**